# Exhibit A

| | |
|---|---|
| **SUPREME COURT OF THE STATE OF NEW YORK**<br>**COUNTY OF QUEENS**<br><br>EITAN COHEN,<br><br>Plaintiff,<br><br>-against-<br><br>CAPITAL MANAGEMENT SERVICES, L.P.<br>d/b/a CAPITAL MANAGEMENT SERVICES LP,<br><br>Defendant(s). | **Index No. ____________**<br><br>**VERIFIED COMPLAINT AND JURY DEMAND**<br><br>Fair Credit Reporting Act, 15 U.S.C. § 1681b(f); N.Y. General Business Law §§ 380-b, 380-l, 380-m, and 349 |

Plaintiff Eitan Cohen ("Plaintiff"), by his attorney, Elliot M. Elo, Esq. of The Law Office of Elliot M. Elo, Esq. PLLC, for his Verified Complaint against Defendant Capital Management Services, L.P. d/b/a Capital Management Services LP ("CMS" or "Defendant"), alleges as follows:

## PRELIMINARY STATEMENT

1. This is an action for damages under the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq*. (the "FCRA"), and New York General Business Law ("GBL") Article 25 and § 349, arising from CMS's procurement of Plaintiff's consumer report from Trans Union LLC on May 17, 2025 without any purpose permitted by 15 U.S.C. § 1681b.

2. Congress restricted the circumstances in which any person may obtain a consumer report to a closed list of permissible purposes, because a consumer report contains the consumer's most sensitive financial information and its acquisition by a person with no legitimate business need is itself an invasion of the consumer's privacy.

3. Plaintiff has never had any account with CMS, has never had any transaction with CMS, and has never authorized CMS to obtain his consumer report.

4. The FCRA permits a debt collector to obtain a consumer report only in connection with "collection of an account of[ ] the consumer," and the FCRA defines "account," by incorporation of 15 U.S.C. § 1693a(2), as a demand deposit, savings deposit, or other asset account established primarily for personal, family, or household purposes, excluding a credit balance in an open end credit plan. *See* 15 U.S.C. § 1681a(r)(4); *Bersaw v. Northland Grp. Inc.*, No. 14-cv-128-JL, 2015 DNH 50 (D.N.H. Mar. 11, 2015).

5. CMS obtained Plaintiff's consumer report without ever having communicated with Plaintiff about any account, without any account of Plaintiff having been placed with it for collection to Plaintiff's knowledge, and without any other transaction involving Plaintiff.

6. Plaintiff brings this action to recover the statutory, actual, and punitive damages, costs, and attorney's fees to which he is entitled under 15 U.S.C. §§ 1681n and 1681o and GBL §§ 380-l, 380-m, and 349(h).

**THE PARTIES**

7. Plaintiff Eitan Cohen is a natural person who resides in Hollis, Queens County, New York 11423.

8. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c) and GBL § 380-a(b).

9. Defendant Capital Management Services, L.P. is a Delaware limited partnership with its principal place of business at 698 1/2 South Ogden Street, Buffalo, New York 14206.

10. Capital Management Services, L.P. is authorized to do business in the State of New York, New York Department of State ID No. 3086290, with a designated county of New York, and has designated The Partnership, 698 1/2 South Ogden Street, Buffalo, New York 14206, as the address to which the Secretary of State shall mail process.

11. Capital Management Services, L.P. conducts business under the name Capital Management Services LP, and appears in consumer reporting agency records under the name CAPITAL MANAGEMENT SERVICES LP.

12. Capital Management Services, L.P. is a third-party collection agency whose principal business is the collection of consumer debts on behalf of creditors and debt buyers, and which, by its own account, does not purchase debts.

13. CMS is a "person" as that term is defined by 15 U.S.C. § 1681a(b), and is a "user of information" within the meaning of GBL §§ 380-l and 380-m.

14. Non-party Trans Union LLC ("Trans Union") is a consumer reporting agency as that term is defined by 15 U.S.C. § 1681a(f) and GBL § 380-a(e), which compiles and maintains a consumer file on Plaintiff.

## JURISDICTION AND VENUE

15. This Court has subject matter jurisdiction over this action because 15 U.S.C. § 1681p confers jurisdiction on any court of competent jurisdiction, and the Supreme Court of the

State of New York is a court of general jurisdiction under Article VI, § 7 of the New York Constitution.

16. This Court has personal jurisdiction over CMS under CPLR 301 and 302(a)(1) because CMS is authorized to do business in New York, maintains its principal office in Buffalo, New York, and transacts business in New York by collecting consumer debts from New York residents, including Plaintiff.

17. Venue is proper in Queens County under CPLR 503(a) because Plaintiff resides in Queens County.

18. This action is timely under 15 U.S.C. § 1681p and GBL § 380-n because it is brought within two years of Plaintiff's discovery of the violation on June 7, 2026 and within five years of the May 17, 2025 procurement.

**THE STATUTORY FRAMEWORK**

19. Section 1681b(a) of the FCRA provides that a consumer reporting agency may furnish a consumer report only under the circumstances enumerated in that subsection, and section 1681b(f)(1) provides that "[a] person shall not use or obtain a consumer report for any purpose unless (1) the consumer report is obtained for a purpose for which the consumer report is authorized to be furnished under this section; and (2) the purpose is certified in accordance with section 1681e of this title by a prospective user of the report through a general or specific certification."

20. The only permissible purpose available to a debt collector is that stated in 15 U.S.C. § 1681b(a)(3)(A), which permits furnishing to a person the agency has reason to believe "intends

to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or collection of an account of, the consumer."

21. Section 1681b(a)(3)(A) requires, by its terms, that the account being collected be "an account of[ ] the consumer," and a debt collector that obtains a consumer report to collect an obligation that is not an account of the consumer obtains the report without a permissible purpose.

22. Section 1681a(r)(4) provides that "[t]he terms 'account' and 'electronic fund transfer' have the same meanings as in section 1693a of this title," and section 1693a(2) defines "account" as "a demand deposit, savings deposit, or other asset account (other than an occasional or incidental credit balance in an open end credit plan as defined in section 1602(i) of this title), as described in regulations of the Bureau, established primarily for personal, family, or household purposes."

23. A charged-off balance owed on a credit card, which is an open end credit plan, is a liability of the consumer, not an asset account of the consumer, and its collection is therefore not "collection of an account of[ ] the consumer" within the meaning of 15 U.S.C. § 1681b(a)(3)(A). *See Bersaw v. Northland Grp. Inc.*, No. 14-cv-128-JL, 2015 DNH 50, at *6 to *8 (D.N.H. Mar. 11, 2015) (denying summary judgment to a debt collector that obtained a consumer report to collect purchased credit card debts, because the collector had not shown that the debts were "accounts" under §§ 1681a(r)(4) and 1693a(2)).

24. Section 1681e(a) requires every consumer reporting agency to obtain from each prospective user a certification of the purposes for which the information is sought and that the information will be used for no other purpose, so that every procurement of a consumer report by

a debt collector is accompanied by a certification, made by the collector, that a permissible purpose exists.

25. Section 1681n(a) makes any person who willfully fails to comply with any requirement imposed under the FCRA liable to the consumer for actual damages or statutory damages of not less than $100 and not more than $1,000, punitive damages as the court may allow, and costs and reasonable attorney's fees, and section 1681n(b) makes any person who obtains a consumer report under false pretenses or knowingly without a permissible purpose liable to the consumer reporting agency for actual damages or $1,000, whichever is greater.

26. Section 1681o(a) makes any person who is negligent in failing to comply with any requirement imposed under the FCRA liable to the consumer for actual damages and for costs and reasonable attorney's fees.

27. A person acts willfully within the meaning of § 1681n when it knowingly violates the FCRA or when it acts in reckless disregard of its statutory duty. *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 57 to 58 (2007).

28. GBL § 380-b restricts the circumstances under which a consumer report may be furnished and obtained to enumerated purposes that parallel those of 15 U.S.C. § 1681b(a), and GBL §§ 380-l and 380-m impose liability on any user of information that willfully or negligently fails to comply with any requirement imposed under Article 25.

29. GBL § 349(a) declares unlawful deceptive acts or practices in the conduct of any business, trade, or commerce or in the furnishing of any service in the State of New York, and GBL § 349(h) affords a private right of action to any person injured by reason of a violation.

## FACTUAL ALLEGATIONS

### A. Plaintiff's Trans Union file

30. On June 7, 2026, Plaintiff obtained his consumer file disclosure from Trans Union, File Number 469569681, which is annexed hereto as Exhibit A, complete and unmodified except for month-day of birth and current street number and name of address redacted.

31. The disclosure contains a section headed "Account Review Inquiries," which states that "[t]he listing of a company's inquiry in this section means that they obtained information from your credit file in connection with an account review or other business transaction with you" (Exhibit A, p. 204).

32. The same section states that such inquiries "are not seen by anyone but you," except that "certain collection companies may have access to other collection company inquiries" (Exhibit A, p. 204).

33. The disclosure reports, in that section, that a person identified as "CAPITAL MANAGEMENT SERVICES LP," located at 698 One Half South Ogden Street, Buffalo, New York 14206, telephone (800) 457-8220, obtained information from Plaintiff's file on May 17, 2025 (Exhibit A, pp. 208 to 209).

34. The person identified as "CAPITAL MANAGEMENT SERVICES LP" is CMS.

35. In order to obtain Plaintiff's file on May 17, 2025, CMS certified to Trans Union, under 15 U.S.C. § 1681e(a), that it had a permissible purpose for the procurement.

36. Upon obtaining Plaintiff's file, CMS received Plaintiff's consumer report, containing his identifying information, addresses, employment information, and the balances, payment histories, and statuses of every one of his credit accounts.

**B. CMS had no permissible purpose**

37. CMS is not a creditor of Plaintiff, has never extended credit to Plaintiff, and has never had any account, contract, or transaction with Plaintiff.

38. No tradeline, collection account, or other entry in Plaintiff's Trans Union file names CMS as a creditor, collector, servicer, or original creditor, and the only reference to CMS anywhere in the file is the May 17, 2025 inquiry (Exhibit A, pp. 6 to 209).

39. Plaintiff has never received any letter, telephone call, text message, or other communication from CMS concerning any account, and CMS has never identified to Plaintiff any account it claims to be collecting.

40. No creditor has informed Plaintiff that any account of his was placed with CMS for collection, and Plaintiff has no knowledge of any such placement.

41. CMS, by its own public description, does not purchase debts and acts only as a third-party contingency agent for creditors, so that any belief CMS held that it was collecting an account of Plaintiff rested entirely on placement data supplied by a client and was not verified by CMS.

42. Upon information and belief, CMS procured Plaintiff's report on May 17, 2025 for the purpose of locating or evaluating Plaintiff in connection with an account that was not an

account of Plaintiff, or in connection with a portfolio-level scrub of consumers whose accounts CMS did not hold, and not in connection with the review or collection of any account of Plaintiff.

43. CMS's procurement of Plaintiff's report on May 17, 2025 was therefore not for a purpose authorized by 15 U.S.C. § 1681b.

44. Plaintiff never consented to, authorized, or requested CMS's procurement of his consumer report.

45. No court order, and no other circumstance enumerated in 15 U.S.C. § 1681b(a) or GBL § 380-b, authorized CMS's procurement of Plaintiff's report on May 17, 2025.

## C. CMS's conduct was willful

46. CMS is a professional debt collector that procures consumer reports as a routine part of its business, holds a subscriber agreement with Trans Union, and has certified to Trans Union under 15 U.S.C. § 1681e(a) that it will obtain reports only for permissible purposes.

47. CMS knows that 15 U.S.C. § 1681b(a)(3)(A) authorizes procurement of a consumer report only in connection with an account of the consumer, and that a report may not be obtained to collect an obligation the consumer does not owe, to locate a consumer, or to evaluate a consumer in connection with an account it does not hold.

48. CMS has been on notice, through the Federal Trade Commission's and the Consumer Financial Protection Bureau's long-standing published guidance on permissible purpose, through the 2015 Multistate Attorneys General settlement with the nationwide consumer reporting agencies, and through its own subscriber agreement, that procurement of a consumer

report without an account-level basis for believing the account belongs to the consumer violates § 1681b(f).

49. CMS knows, or recklessly disregards, that the FCRA defines "account" by reference to 15 U.S.C. § 1693a(2), that the definition excludes credit balances in open end credit plans, and that at least one federal court has denied summary judgment to a debt collector that procured a consumer report to collect credit card debts on exactly that ground, and has adopted no reading of the statute, reasonable or otherwise, that reconciles its practice with that definition. *See Bersaw*, 2015 DNH 50, at *8 to *10.

50. CMS maintains no procedure by which the account-level data received from a client or debt buyer is verified against independent information before a consumer report is procured, and relies instead on the placement data alone, in conscious disregard of the risk that the placement data identifies a consumer who does not owe the obligation.

51. CMS's violation was therefore knowing, or at a minimum in reckless disregard of its obligations under § 1681b(f), within the meaning of 15 U.S.C. § 1681n.

**D. Injury to Plaintiff**

52. By procuring Plaintiff's consumer report without a permissible purpose, CMS obtained Plaintiff's private financial information, including his account balances, payment histories, addresses, and employment information, without his knowledge or consent.

53. The unauthorized acquisition of a consumer's private financial information is an injury that bears a close relationship to the harm redressed by the common-law tort of intrusion

upon seclusion, and is the concrete privacy injury that Congress enacted § 1681b(f) to prevent. *See TransUnion LLC v. Ramirez*, 594 U.S. 413, 425 to 427 (2021).

54. Trans Union's disclosure states that account-review inquiries by collection companies may be visible to other collection companies, so that CMS's procurement was recorded in Plaintiff's file in a form that other debt collectors accessing the file could see, communicating to them that Plaintiff was the subject of collection activity by CMS (Exhibit A, p. 204).

55. CMS's procurement was recorded in Plaintiff's consumer file, where it remains, and was disclosed to Plaintiff in his file disclosure, causing Plaintiff to expend time and effort investigating who CMS was, what account it claimed to be collecting, and whether his identity had been compromised.

56. Plaintiff was required to seek professional assistance to identify the origin and basis of the procurement, which he would not have needed had his report not been obtained without a permissible purpose.

57. Plaintiff is entitled to actual damages for the foregoing injuries, and, because CMS's violation was willful, to statutory damages and punitive damages under 15 U.S.C. § 1681n(a).

## FIRST CAUSE OF ACTION

### Willful Violation of 15 U.S.C. § 1681b(f) (15 U.S.C. § 1681n)

58. Plaintiff repeats and realleges each of the foregoing allegations as if fully set forth herein.

59. CMS willfully obtained Plaintiff's consumer report from Trans Union on May 17, 2025 for a purpose not authorized by 15 U.S.C. § 1681b, in violation of 15 U.S.C. § 1681b(f).

60. CMS is liable to Plaintiff under 15 U.S.C. § 1681n(a) for actual damages or statutory damages of not less than $100 and not more than $1,000, punitive damages, costs, and reasonable attorney's fees.

## SECOND CAUSE OF ACTION

### Negligent Violation of 15 U.S.C. § 1681b(f) (15 U.S.C. § 1681o)

61. Plaintiff repeats and realleges each of the foregoing allegations as if fully set forth herein.

62. In the alternative, CMS negligently obtained Plaintiff's consumer report from Trans Union on May 17, 2025 for a purpose not authorized by 15 U.S.C. § 1681b, in violation of 15 U.S.C. § 1681b(f).

63. CMS is liable to Plaintiff under 15 U.S.C. § 1681o(a) for actual damages, costs, and reasonable attorney's fees.

## THIRD CAUSE OF ACTION

### Willful Violation of GBL § 380-b (GBL § 380-l)

64. Plaintiff repeats and realleges each of the foregoing allegations as if fully set forth herein.

65. CMS willfully obtained Plaintiff's consumer report on May 17, 2025 for a purpose not enumerated in GBL § 380-b, in violation of that section.

66. The requirements of GBL § 380-b with respect to the purposes for which a user may obtain a consumer report are not preempted by 15 U.S.C. § 1681t(b)(1)(A), which reaches only the subject matter of 15 U.S.C. § 1681b(c) and (e), and are otherwise consistent with the FCRA.

67. CMS is liable to Plaintiff under GBL § 380-l for actual damages, punitive damages as the Court may allow, costs, and reasonable attorney's fees.

**FOURTH CAUSE OF ACTION**

**Negligent Violation of GBL § 380-b (GBL § 380-m)**

68. Plaintiff repeats and realleges each of the foregoing allegations as if fully set forth herein.

69. In the alternative, CMS negligently obtained Plaintiff's consumer report on May 17, 2025 for a purpose not enumerated in GBL § 380-b.

70. CMS is liable to Plaintiff under GBL § 380-m for actual damages, costs, and reasonable attorney's fees.

**FIFTH CAUSE OF ACTION**

**Deceptive Acts and Practices (GBL § 349)**

71. Plaintiff repeats and realleges each of the foregoing allegations as if fully set forth herein.

72. CMS's collection of consumer debts from New York residents, and its procurement of consumer reports on New York residents in the course of that business, is consumer-oriented conduct in the conduct of business in the State of New York within the meaning of GBL § 349(a).

73. CMS's certification to Trans Union that it had a permissible purpose to obtain Plaintiff's report, and its practice of procuring reports on the strength of unverified placement data while so certifying, is materially misleading to consumer reporting agencies and to a reasonable consumer, because it causes consumer reports to be furnished to persons with no legitimate business need for them.

74. CMS's practice is directed at the public at large, because the same procurement and certification practice is applied to every New York consumer whose name appears in its placement data.

75. Plaintiff was injured by reason of CMS's deceptive practice in that his private financial information was obtained and reviewed without authorization, his consumer file now records the procurement, and he expended time, effort, and resources in response.

76. CMS is liable to Plaintiff under GBL § 349(h) for his actual damages or $50, whichever is greater, treble damages up to $1,000 for the willful and knowing violation, and reasonable attorney's fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Eitan Cohen respectfully demands judgment against Defendant Capital Management Services, L.P. as follows:

(a) On the First Cause of Action, actual damages or statutory damages of not less than $100 and not more than $1,000 under 15 U.S.C. § 1681n(a)(1)(A), punitive damages under 15 U.S.C. § 1681n(a)(2), and costs and reasonable attorney's fees under 15 U.S.C. § 1681n(a)(3);

(b) On the Second Cause of Action, actual damages under 15 U.S.C. § 1681o(a)(1) and costs and reasonable attorney's fees under 15 U.S.C. § 1681o(a)(2);

(c) On the Third Cause of Action, actual damages, punitive damages, costs, and reasonable attorney's fees under GBL § 380-l;

(d) On the Fourth Cause of Action, actual damages, costs, and reasonable attorney's fees under GBL § 380-m;

(e) On the Fifth Cause of Action, actual damages or $50, whichever is greater, treble damages up to $1,000, and reasonable attorney's fees under GBL § 349(h);

(f) Pre-judgment and post-judgment interest as permitted by law; and

(g) Such other and further relief as the Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to CPLR 4102, Plaintiff demands a trial by jury on all issues so triable.

Dated: New York, New York
September 2, 2026

THE LAW OFFICE OF ELLIOT M. ELO, ESQ. PLLC

By: s/ Elliot M. Elo
Elliot M. Elo, Esq.
42 West 48th Street, Floor 2
New York, New York 10036-1701
Telephone: (212) 302-1257
Facsimile: (212) 302-1648
Email: elliot@elolawfirm.com
*Attorney for Plaintiff*

**ATTORNEY VERIFICATION**

ELLIOT M. ELO, an attorney duly admitted to practice law before the Courts of the State of New York, affirms the following to be true under the penalties of perjury under the laws of New York, which may include a fine or imprisonment, that the foregoing is true, and I understand that this document may be filed in an action or proceeding in a court of law:

I am the attorney of record for Plaintiff Eitan Cohen in the within action, and I have read the foregoing Verified Complaint and know the contents thereof.

The contents of the Verified Complaint are true to my own knowledge, except as to matters therein stated to be alleged upon information and belief, and as to those matters I believe them to be true.

The grounds of my belief as to all matters not stated upon my own knowledge are the consumer file disclosure annexed as Exhibit A, the correspondence and records furnished to me by Plaintiff, the records of the New York Department of State and the New Jersey Division of Revenue, and my investigation of this matter as counsel.

This verification is made by me rather than by Plaintiff pursuant to CPLR 3020(d)(3) because Plaintiff resides in Queens County, which is not the county in which my office is located, my office being in New York County.

I affirm this 2nd day of September, 2026, under the penalties of perjury under the laws of New York, which may include a fine or imprisonment, that the foregoing is true, and I understand that this document may be filed in an action or proceeding in a court of law.

s/ Elliot M. Elo

Elliot M. Elo, Esq.

## EXHIBIT INDEX

Exhibit A: TransUnion consumer file disclosure for Eitan Cohen, File Number 469569681, Date Created June 7, 2026, 219 pages, complete and unmodified except for month-day of birth and current street number and name of address redacted, to be filed as a separate NYSCEF document linked to this Verified Complaint.